## L. H. WOODARD CO. v. ANDERSON, Collector of Internal Revenue.

District Court, D. Utah. May 20, 1929.

No. 10007.

Irvine, Skeen & Thurman, of Salt Lake City, Utah, for plaintiff.

Charles M. Morris, U. S. Atty. and Edw. M. Morrissey, Asst. U. S. Atty., both of Salt Lake City, Utah, for the defendant.

JOHNSON, District Judge. This is a suit to recover the amount of an additional income and profits tax assessed for the calendar year 1917 by the Commissioner of Internal Revenue and paid by plaintiff, under protest under threat of distraint by the defendant as internal revenue collector. The case was submitted to the court upon an agreed statement of facts, and upon evidence taken in behalf of the plaintiff at the trial. Plaintiff called as witnesses Mr. Anton Streibel, an accountant, and Mr. W. S. Henderson, at one time a stockholder in the plaintiff company, and in 1917 a prospective purchaser of a block of stock of the company from Mr. L. H. Woodard, the owner of practically all of the stock of the company at that time. The testimony is fully covered by the testimony of Mr. Henderson. The first, second and tenth paragraphs of the agreed statement of facts are as follows:

"First. The plaintiff filed its income and profits tax return for the calendar year 1917, on March 25, 1918, with the collector of internal revenue for the district of Montana at Helena, Montana, said return showed a tax due thereon of $219.13, which amount the plaintiff paid to the collector of internal revenue for the district of Montana on March 25, 1918.

"Second. Pursuant to an examination made of the plaintiff's books and records by the internal revenue agent, the Commissioner of Internal Revenue on March 17, 1923, assessed against the plaintiff, on account of its tax liability for the calendar year of 1917, additional taxes for that year in the amount of $1,132.16, plus a 5 per cent. penalty thereon of $56.61."

"Tenth. On December 22, 1926, the plaintiff filed with the defendant its claim for refund for $1,383.62, income and profits taxes paid by it for the calendar year 1917."

There is attached to the complaint as Exhibit A what purports to be a copy of the return mentioned in the first paragraph above quoted; also as Exhibit C what purports to be a copy of the claim for refund referred to in the tenth paragraph of the agreed statement of facts. In both Exhibits A and C the inventory value of plaintiff's merchandise on hand on January 1, 1917, is given as $9,212.78, and as $16,971.42 on December 31, 1917.

It is not in dispute that the revenue agent who made the examination of plaintiff's books and records as stated in the second paragraph of the agreed statement of facts used the inventory values above mentioned in determining plaintiff's 1917 income, upon which the additional assessment by the Commissioner was made. The return of the revenue agent is not in evidence. Aside from the statute of limitations, the specific ground for recovery of the tax is not alleged in the body of the complaint, but is stated in Exhibit C attached to the complaint in the following language:

"Deponent verily believes that this application should be allowed for the following reasons: * * * (2) As we had failed in December 31, 1916, inventory to include such items as were on hand, and again reflected in inventory for December 31, 1917, thereby causing us to reflect greater profit than what was true to facts for the year 1917."

The witness Henderson testified that the book received in evidence as Exhibit 1 was one of the books of the company, and that it contained the inventory of plaintiff's merchandise on hand at the end of the year 1917; that he assisted Mr. Woodard in making this inventory. In explanation of the valuation of the merchandise on hand December 31, 1917, the witness stated that he and Mr. Woodard, prior to taking the inventory, had been negotiating respecting the purchase by him of a block of the company's stock. With these negotiations in view, he and Mr. Woodard took the inventory. Mr. Woodard, he said, insisted on including in the inventory a lot of old goods on hand since the year 1911, and upon giving them a valuation which totaled the sum of $3,290.61. The witness stated that in his judgment these goods were of little or no value; that in January, 1917, they were worth not more than $500. He stated that an inventory was taken at the end of the year 1916, which showed the value of the merchandise on hand at that time to be

as stated in the return, the exact amount he could not remember; that it was, he said, about $10,000. He testified in answer to a leading question that he assisted in taking the 1916 inventory, but on cross-examination in answer to the question: "Did you have any connection with this taxpayer in December, 1916? Were you working for him?" he said: "No, sir; I wasn't; I was there; I used to help him make up his reports and things; I don't know whether I actually invoiced in 1916. I couldn't swear to that, because I have no book there to show that I did."

The 1916 inventory was not produced in court. The witness Henderson testified in explanation that he had endeavored to find the book containing the 1916 inventory; that he did not know "whether they [the inventory books preceding 1917] got destroyed in some way years ago." He was of the opinion—in fact, he was quite certain—that the 1916 inventory did not include the old merchandise, given a valuation of $3,290.61 in the 1917 inventory, or, if in fact included, he was quite certain no value was placed upon it.

It is upon the testimony of this witness that it is claimed that plaintiff should have judgment. The contention in effect is that the court should add $3,290.61 to the inventory valuation shown by plaintiff's books at the end of the year 1916, or what would amount to the same thing, deduct said amount from the inventory valuation shown by plaintiff's books at the end of the year 1917.

■■ It will be observed that the right of recovery is based upon an alleged error in plaintiff's books carried forward into the return filed by it on the 25th day of March, 1918, and apparently not thought of until about the time the additional assessment was made by the Commissioner on March 17, 1923. The first assertion of the existence of the error, so far as this court is concerned, is found in the claim for abatement filed with the defendant May 19, 1923. It does not appear that the witness Henderson was ever, either as an officer or an employee of the plaintiff company, the custodian of plaintiff's books and records. It is patent, therefore, that he was not qualified to account for the loss of plaintiff's 1916 inventory, so as to render oral evidence of its contents competent. But, aside from any question of the competency of his testimony, it is not sufficiently convincing to justify the correction of this alleged error in plaintiff's books, so long overlooked, and finally brought forward in 1923 to offset the additional assessment

made by the Commissioner. Mr. Woodard was not called as a witness and his absence was accounted for only by the incidental statement of counsel that "Mr. Woodard himself is aged and not in a position to be here." His version of the situation might or might not have clarified it. Its absence, either by way of testimony given in open court or by deposition, in view of the unsatisfactory character of the testimony of the witness Henderson, conceding its competency, leads the court to the conclusion that the relief prayed for should upon the merits of the case be denied.

■ I am of the opinion that the bar of the statute of limitations was removed by section 611 of the Revenue Act of 1928 (26 USCA § 2611).

In view of these conclusions the complaint will be dismissed.